■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM B. DE PETRIS, JR., Appellant. — Appeal by defendant, as limited by his brief, from a sentence of the County Court, Suffolk County (Harris, J.), imposed May 11, 1981. Sentence modified, as a matter of discretion in the interest of justice, by reducing the term thereof to five years' probation and imprisonment for 60 days, the sentence of imprisonment to be a condition of and run concurrently with the sentence of probation, and case remitted to the County Court, Suffolk County, for the imposition of conditions of probation. As so modified, sentence affirmed. Defendant stands convicted of the class D violent felony of attempted burglary in the second degree (Penal Law, § 140.25, subd 2). Accordingly, the defendant does not stand convicted of an *armed* felony offense (CPL 1.20, subd 41). Contrary to the People's position, we cannot agree that the imposition of a probationary sentence is unauthorized under these circumstances, as section 70.02 of the Penal Law provides, *inter alia* (with exceptions not here relevant [cf. Penal Law, § 70.02, subd 2, par (c); subd 5]), that "the sentence [to be] imposed upon a person who stands convicted of a Class D violent felony offense * * * *must* be in accordance with the applicable provisions of this chapter relating to sentencing *for Class D felonies"* (Penal Law, § 70.02, subd 2, par [b]; emphasis supplied). The imposition of a probationary sentence for a class D felony is clearly authorized by statute, as section 65.00 of the Penal Law pertinently provides that "Except as otherwise required by section 60.05, and except as provided by paragraph (b) hereof [neither of which is presently applicable], the court may sentence a person to a period of probation upon conviction of any crime if the court, having regard to the nature and circumstances of the crime and to the history, character and condition of the defendant, is of the opinion that [such disposition is otherwise warranted]" (Penal Law, § 65.00, subd 1, par [a]; see cls [i]-[iii]). Alternatively, the court is authorized by section 70.00 of the Penal Law to impose a definite (rather than an indeterminate) term of imprisonment, as it is therein provided that "When a person, other than a second or persistent felony offender, is sentenced for a class D or class E felony * * * and the court, having regard to the nature and circumstances of the crime and to the history and character of the defendant, is of the opinion that a sentence of imprisonment is necessary but that it would be unduly harsh to impose an indeterminate sentence, the court may impose a definite sentence of imprisonment and fix a term of one year or less" (Penal Law, § 70.00, subd 4). Pertinently, section 60.01 of the Penal Law provides that "In any case where the court imposes a sentence of imprisonment not in excess of sixty days * * * it may also impose a sentence of probation" (Penal Law, § 60.01, subd 2, par [d]). Thus, incarceration was not mandatory in the instant case, nor was the court without power to impose a definite term of imprisonment of 60 days or less plus five years' probation (Penal Law, § 60.01, subd 2, par [d]; see Hechtman, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law, § 70.02, 1981-1982 Cumulative Annual Pocket Part, p 120). Under the circumstances of this case, we believe that an indeterminate term of imprisonment with a maximum of three years and a minimum of one year, although authorized, was unduly harsh and excessive, and should be modified, as a matter of discretion in the interest of justice, to the extent indicated herein. Lazer, J. P., Gibbons, Gulotta and Bracken, JJ., concur.